UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARTHA R. CUNNINGHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| WALGREEN CO., | § | SA-07-CV-0769 NN |
| | § | |
| Defendant. | § | |

## ORDER DISMISSING CASE

This order addresses defendant Walgreen's motion to dismiss.[1] In its motion, Walgreen asked me to dismiss all of plaintiff Martha Cunningham's claims. Cunningham sued Walgreen for slander, defamation of character, and violation of civil rights under 42 U.S.C. § 1983. Walgreen contends that Cunningham has failed to state claims upon which relief may be granted. Cunningham responded to the motion and provided additional information about her claims.[2]

A defendant in a civil action may move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief may be granted."[3]

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[4]

---

[1] Docket entry # 28.

[2] *See* docket entry #s 29 & 30.

[3] FED. R. CIV. P. 12(b)(6).

[4] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

Walgreen maintains that Cunningham has failed to state a claim for slander and defamation because she did not allege that the alleged defamatory statements were published to a third party. Slander or defamation of character is a defamation expressed by spoken words tending to injure the reputation of person spoken about.[5]

> To constitute actionable slander there must be a defamatory statement orally communicated or published [to a third party] without legal excuse. The communication to a third party must be in such a way that the third party understood the words in a defamatory sense; and evidence that at least one hearer understood the words as defamatory is necessary for there to be an actionable publication of slander.[6]

Cunningham alleges that Walgreen's assistant store manager, Stephen Sanchez, approached her at a Walgreen's store and stated in a loud and rough voice that Cunningham was holding up the line and causing other customers to wait. Cunningham further alleges that Sanchez told her that she was unclean, dirty, smelly and nasty. Cunningham alleges that these statements were made in the presence of several other employees and customers, but she clearly indicates that Sanchez made his statements to her, not to the other employees or other customers—that is, the statements were not published to a third person.[7] Without an allegation that the statements were published to a third person, Cunningham has failed to state a claim upon which relief may be granted. While the alleged statements may have been hurtful and embarrassing, they do not constitute

---

[5] *See Vacicek v. Trojack*, 226 S.W. 505, 508 (Tex. Civ. App.—Galveston 1920, no writ).

[6] *Bergman v. Oshman's Sporting Goods*, 594 S.W.2d 814, 815-16 (Tex. Civ. App.—Tyler 1980, no writ).

[7] Cunningham's response to the motion to dismiss confirms that Sanchez made the alleged statements to her. In the affidavit attached to the response, Cunningham stated that Sanchez told her that she always came in to the store dirty, smelly, nasty and unclean. *See* docket entry # 29, exh. A., p. 6.


slander.  Walgreen is entitled to dismissal of Cunningham's slander and defamation claims.

Walgreen also argues that it is entitled to dismissal of Cunningham's civil rights claim[8] To state a claim for relief under section 1983, a plaintiff must establish that she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."[9]  "[T]he under-color-of-state-law element of [section] 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"[10]  Cunningham complains about private conduct, not conduct that occurred under the color of state law.  Specifically, she complains about the actions of a private individual (Sanchez) and a private entity (Walgreen).  She attributes no conduct to a state actor.  Consequently, Cunningham has failed to state a claim under section 1983.  Walgreen is entitled to dismissal of Cunningham's section 1983 claim.

Because Cunningham has failed to state claims upon which relief may be granted, I GRANT Walgreen's motion (docket entry # 28) and DISMISS this case.

**SIGNED** on March 30, 2008.

_Nancy Stein Nowak_
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[8] Cunningham's complaint incorrectly refers to 43 U.S.C. § 1982.  Consequently, Walgreen asked for dismissal of that claim, arguing that Cunningham failed to state a claim because that provision covers public lands.  Cunningham's references to the violation of her civil rights and Walgreen's failure to treat all people equally make it clear that she intended to cite to 42 U.S.C. § 1982, not 43 U.S.C. § 1982.

[9] *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

[10] *Sullivan*, 526 U.S. at 50.